IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER GEORGE RATCLIFF,
and K.R., *a minor*,

   Plaintiffs,

v.             Case No. 18-1240-JWB

KANSAS STATE HIGH SCHOOL
ACTIVITIES ASSOCIATION, and
USD 305,

   Defendants.


## MEMORANDUM AND ORDER

This matter is before the court on a pro se motion filed by Plaintiff Christopher George

Ratcliff seeking a temporary restraining order (TRO). (Doc. 25.) Defendants have responded to

the motion. (Docs. 26, 28.) The motion asks for an injunction "to prevent USD 305 from declaring

K.R. ineligible [for extracurricular activities] based on Spring semester 2018 final grades." (*Id.*)

According to the complaint, K.R. is the minor son of Plaintiff Christopher George Ratcliff.

As the court explained to Mr. Ratcliff at the hearing on a similar motion on September 21,

2018, he has the right to represent himself in this action, but as a non-attorney he does not have

the right act as K.R.'s attorney in this court. *See Heffington v. Derby Unif. Sch. Dist. 260*, No. 2011

WL 5149257, *2 (D. Kan. Oct. 28, 2011). "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a

minor child cannot bring suit through a parent acting as next friend if the parent is not represented

by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This rule "protects the

legal interests of minors and prevents non-licensed persons from appearing as attorneys on behalf

of others." *Heffington*, 2011 WL 5149257, *2. That principle prevents Mr. Ratcliff from acting as

K.R.'s legal representative in this action regardless of what relief he is seeking on K.R.'s behalf. *See* Doc. 25 at 1 (Mr. Ratcliff arguing he is not seeking to force compliance with a 504 plan but is only seeking a TRO). Because Mr. Ratcliff is precluded from acting as K.R.'s legal representative in this suit, and because he makes no showing that he is otherwise seeking to vindicate or enforce any right belonging to him personally, the motion must be denied. *See Heffington*, 2011 WL 5149257, *2 (a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties") (citation omitted.)

In connection with the motion, the court has considered whether it has any obligation under Fed. R. Civ. P. 17(c)(2) to appoint a guardian ad litem to protect the interests of K.R. The court concludes it does not, as Mr. Ratcliff is K.R.'s father and is competent to act as his general representative, including in matters of litigation. *See e.g., Abbott v. Abott*, 68 Kan. 824, 75 P. 1041 (1904) (parent entitled to maintain suit for minor as next friend.) But because Mr. Ratcliff is not an attorney, he cannot maintain the suit on K.R.'s behalf without an attorney. *Meeker*, 782 F.2d at 154; *Donahue v. Kansas Bd. of Educ.*, No. 18-2012-CM, 2018 WL 3055841, *1 (D. Kan. June 20, 2018) ("A pro se plaintiff may not represent another party – even her own child."); *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (fact that minor must be represented by a next friend does not alter the principle that a non-attorney is not allowed to represent another individual in federal court without counsel.)

The court has also considered whether counsel should be appointed for K.R. or for Mr. Ratcliff in this proceeding, although Plaintiffs have not separately moved for the appointment of counsel. Judge Gale recently summarized the standards governing such appointments:

> The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

*Lenhardt v. Dreamliner Motel*, No. 18-4125-SAC-KGG, 2018 WL 4698618, * 2 (D. Kan. Oct. 1, 2018). Mr. Ratcliff's recent motion for TRO makes a reference to an attorney representing K.R. in an Office of Civil Rights (OCR) proceeding, but no attorney has entered an appearance on his behalf in this case. The motion also asserts that Mr. Ratcliff has been unable to find an attorney to handle this case, and says an attempt to obtain a lawyer through the Kansas Bar Association referral service was unsuccessful, but it does not specify any particular attorneys with whom Mr. Ratcliff consulted.

Insofar as the merits of Plaintiffs' case is concerned, the court notes that the Individuals with Disabilities Education Act (IDEA) mandates exhaustion of administrative remedies before a party can seek judicial relief. 20 U.S.C. § 1415. That requirement applies to claims under the Rehabilitation Act or the ADA if such claims are "seeking relief that is also available under" the IDEA. *A.P., IV by Porco v. Lewis Palmer Sch. Dist. No. 38*, 728 F. App'x 835, 838 (10th Cir. 2018). The gravamen of Plaintiffs' complaint appears to be that the school district has not complied with a plan to break homework assignments into manageable portions or to extend homework deadlines. In other words, it seeks to modify the individually tailored educational services provided to K.R. to allow him to progress in school and to participate in extracurricular activities. Such a claim may be subject to the IDEA's exhaustion requirement. *See Fry v. Napoleon Comm. Schools*, 137 S. Ct. 743, 755-56 (2017). Indeed, Defendant U.S.D. 305 has asserted precisely this argument

in support of its motion to dismiss.  (Doc. 18 at 3-5.)  After considering the above factors, the court declines to appoint counsel for Plaintiffs in this case.

The court previously cautioned Mr. Ratcliff that he may not file pleadings on K.R.'s behalf in this action without an attorney. Mr. Ratcliff then filed the instant motion for TRO to restore K.R.'s eligibility, his third such motion in this action. Any such motions filed in the future without an attorney will be summarily denied by the court.

**IT IS THEREFORE ORDERED** this 10th day of October, 2018, that Plaintiff Christopher George Ratcliff's Motion for Temporary Restraining Order (Doc. 25) is DENIED.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE