IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GEORGE RATCLIFF,
and K.R., *a minor,*

        Plaintiffs,

v.                                                   Case No. 18-1240-JWB

KANSAS STATE HIGH SCHOOL
ACTIVITIES ASSOCIATION, INC.,
and USD 305,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the following: Plaintiffs' motions for preliminary injunction (Doc. 2), for temporary restraining order (Doc. 13), and for appointment of counsel (Doc. 30); and on Defendants' motions to dismiss (Docs. 17, 27.) For the reasons stated herein, Plaintiffs' motions are DENIED and Defendants' motions to dismiss are GRANTED.

**I. Background**

Plaintiff Christopher Ratcliff (hereinafter "Plaintiff") filed a pro se complaint seeking an injunction requiring Defendants to allow his minor son, K.R., to participate in Fall 2018 extracurricular activities at Salina South High School. The complaint asserts that K.R. has a mental disability covered under the Americans with Disabilities Act (ADA), that Salina South "wrote a plan 504"[1] to meet the needs of the disability, and that the school's failure to comply with the plan affected K.R.'s academic performance in one or more classes, causing him to be declared ineligible to particulate in extracurricular activities for the Fall 2018 semester. (Doc. 1). The complaint

---
[1] "A Section 504 plan, named after the section of the Rehabilitation Act of 1983 in which it was established, defines and commits to provide public support for persons with disabilities." *Z.B. v. Dist. of Columbia*, 888 F.3d 515, 520 (D.C. Cir. 2018).

alleges that Plaintiff filed an administrative complaint with the United States Department of Education's Office for Civil Rights, that the process is ongoing, and that K.R. will suffer irreparable harm if he is not allowed to participate in extracurricular activities pending completion of that process. (*Id.* at 5.)

Defendant USD 305 filed a motion to dismiss on September 20, 2018, arguing in part that Plaintiff could not represent K.R. without an attorney, and also that exhaustion of administrative remedies was required under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, before Plaintiff could seek relief in court. (Doc. 18.) At a hearing on September 21, 2018, the court heard from the parties. Plaintiff voiced his belief that Salina South failed to comply with the terms of a 504 Plan by not "chunking" K.R.'s assignments (i.e., breaking them into small portions) and by not extending or eliminating homework deadlines. At the hearing, the court informed Plaintiff that because he is not an attorney, he cannot represent his son in this lawsuit. Rather than dismiss the case at that time, however, the court indicated it would wait at least until the response deadline on the motion to dismiss, to give Plaintiff time to obtain an attorney.

Plaintiff subsequently filed a motion for temporary restraining order, his third such motion in this proceeding. (Doc. 25.) The court denied the motion on October 10, 2018, again pointing out that because Plaintiff is not a lawyer he is precluded from acting as K.R.'s legal representative. (Doc. 29 at 2.) The court went on to consider whether it should appoint counsel for Plaintiffs. (*Id.* at 2-4.) In considering the relevant factors, the court noted Plaintiff said he consulted with several attorneys about representation, but did not name the attorneys, and that as far as the merits of the case are concerned, the claim "may be subject to the IDEA's exhaustion requirement." (*Id.* at 3.) The court declined to appoint counsel. (*Id.* at 4.)

**II. Motion for appointment of counsel (Doc. 30.)**

Plaintiff now moves for appointment of counsel. His motion lists the names or affiliations of eight lawyers he consulted and otherwise confirms that he made diligent efforts to obtain representation. (Doc. 30.)

As the court noted in its prior order, four factors are considered when the court decides whether to appoint counsel for an individual in a civil case: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *Lenhardt v. Dreamliner Motel*, No. 18-4125-SAC-KGG, 2018 WL 4698618, *2 (D. Kan. Oct. 1, 2018) (citations omitted). *See also Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006). There are several factors favoring appointment of counsel here, but they are ultimately outweighed by consideration of an obstacle to Plaintiff's claim, namely the likelihood that exhaustion of administrative remedies is required. Supreme Court case law indicates that Plaintiff's claim may be subject to the IDEA's administrative exhaustion requirement. *See Fry v. Napoleon Comm. Sch.*, 137 S. Ct. 743, 749-50 (2017) ("a plaintiff bringing suit under the ADA, the Rehabilitation Act, or similar laws must in certain circumstances – that is, when 'seeking relief that is also available under' the IDEA – first exhaust the IDEA's administrative procedures.") The relief Plaintiff seeks is predicated upon allegations that K.R. was denied accommodations in the assignment and grading of homework that were appropriate in light of his disability. While the Rehabilitation Act and ADA promise non-discriminatory access to public institutions generally, the IDEA "guarantees individually tailored educational services" to children in school to meet his or her "unique needs." *Id.* This indicates the gravamen of Plaintiff's complaint as noted above is for denial of a "free appropriate public education" under the IDEA; it concerns conduct applicable only to a student at a school, relating

3

to individual educational needs, and not to other persons in other settings. *See id.* at 756-57 (a claim by a student with a learning disability "for failing to provide remedial tutoring in mathematics … might be cast as one for disability-based discrimination, grounded on the school's refusal to make a reasonable accommodation … [b]ut can anyone imagine the student making the same claim against a public theater or library?") Given the likelihood of an exhaustion requirement in this case, the court concludes the motion to appoint counsel should be denied.

**III. Motions to Dismiss (Docs. 17, 27.)**

Defendants both assert that Plaintiff is precluded from representing K.R. in this action. (Doc. 18 at 2; Doc. 27 at 5.) The court agrees. In *Heffington v. Derby Unified Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257 (D. Kan. Oct. 28, 2011), Judge Murguia noted that neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17 allows a pro se non-lawyer to represent a minor, and thus a non-attorney parent bringing an action on behalf of a minor child must be represented by counsel. *Id.* (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). This rule protects the legal interests of minors by preventing non-licensed persons from acting as their attorneys. *Id.* Judge Murguia concluded that the minor's claims in that case should be dismissed without prejudice, as the non-attorney parent could not act as the minor's legal representative. *Id.* That rule has been consistently applied in this district. *See Donahue v. Kansas Bd. of Educ.*, No. 18-2012, 2018 WL 3055841, *1 (D. Kan. June 20, 2018); *Zhu v. Countrywide Realty Co.*, 160 F. Supp.2d 1210, 1225-26 (D. Kan. 2001); *Oltremari by McDaniel v. Kansas Soc. & Rehab. Svc.*, 871 F. Supp. 1331, 1332 (D. Kan. 1994). The same rule applies here. Plaintiff cannot act as his son's attorney and cannot maintain the suit on K.R.'s behalf without an attorney. K.R.'s claim will therefore be dismissed without prejudice.

Plaintiff does not expressly identify any claim that he is asserting on his own behalf in this action. As noted in *Heffington*, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Heffington*, 2011 WL 5149257, * 2. Nor does the complaint identify any such claim. The allegations in the complaint only assert K.R.'s rights under the ADA and Rehabilitation Act. Defendants are accordingly entitled to dismissal of all claims for the reasons indicated above.

**IT IS THEREFORE ORDERED** this 16th day of November, 2018, that Plaintiff's motion for appointment of counsel (Doc. 30) is DENIED. The motions to dismiss of Defendant USD 305 (Doc. 17) and Defendant Kansas State High School Activities Association (Doc. 27) are GRANTED. The complaint is hereby dismissed without prejudice. Plaintiffs' motions for preliminary injunction (Doc. 2) and for temporary restraining order (Doc. 13) are DENIED AS MOOT.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE